# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHAWN MICHAEL LEE
HARRISON,
    Plaintiff,

vs.

HAMILTON COUNTY, et al.,
    Defendants.

Case No. 1:12-cv-106

Weber, J.
Wehrman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Harrison, Ohio, brings this action against defendants Hamilton County, Hamilton County Municipal Courts, and Bruce Eric Latter. (Complaint, p. 2). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at

328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's pro se complaint alleges that on January 31, 1993, he was in a car accident in Delhi Township. (Complaint, p. 3). Plaintiff indicates that he was "hit head-on by a car that

crossed left of center" and that the driver of the car was operating the vehicle while intoxicated. *Id.* As a result of the accident, plaintiff alleges that he was taken to the emergency center of Franciscan Hospital - Western Hills Campus and has suffered "prolonged physical and mental problems and financial instability and massive debt." *Id.* at 3-4.[1] Plaintiff notes that he was referred to the Ohio State University after having had short term memory problems at the University of Cincinnati. *Id.* He contends that he was given medication from both universities that were not appropriate for his medical condition and that he would also like to file suit against the universities. *Id.* Plaintiff further indicates that he had no medical coverage, such that he "had to borrow money (student loan) from the federal government for housing at the Ohio State University, so that [he] could see the leading researchers in the medical field to address [his] problem." *Id.* at 4. The complaint alleges he defaulted on his loan(s) and "now the IRS has been taking all of my income tax over 10 years." *Id.*

In the relief section of the complaint, plaintiff asserts that "[y]ou can not leave a crime victim with a physical injury and never do anything; which those by color of law are required by law to have handled by appropriate medical personnel." *Id.* at 4. He seeks relief in the form of having his medical injury treated, the debt caused by the accident lifted, and "the legal ramifications caused by it cleared up." *Id.* Plaintiff also includes a two page list of requests, including requests for a writ of habeas corpus, a writ of mandamus, a motion for acquittal and retrial, an injunction and/or a stay of probation, court transcripts, and subpoena ad testificandum

---

[1] Doc 1, CM/ECF pp. 7, 14.

for several individuals, including defendant Erik Latter.[2] (*See* Complaint).[3]*Id.* at CM/ECF pp. 11-12.

Plaintiff's complaint fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiffs and the defendants are all Ohio citizens. (Complaint, p. 2). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

With regard to the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint must be dismissed for failure to state a claim upon which relief may be granted. As an

---

[2] Plaintiff's complaint also references 42 U.S.C. § 10607 and 18 U.S.C. §§ 3771, 1593. (Complaint, p. 2). These statutes do not provide plaintiff with an avenue of relief. *See U.S. v. Merkosky*, No. 1:02-cr-0168-01, 2008 WL 1744762, at *1 (N.D. Ohio April 11, 2008) (denying relief under 18 U.S.C. § 3771 and 42 U.S.C. § 10607, finding that "the Crime Victims Restitution Act does not confer any rights up a victim until a prosecution is already begun"). *See also* 18 U.S.C. § 3771(e) (defining victim as "a person directly and proximately harmed as a result of the commission of a Federal offense"); 18 U.S.C. § 1593© (victim defined as individual harmed under this chapter, which pertains to peonage, slavery, involuntary servitude, forced labor or trafficking in persons).

[3] Doc. 1, CM/ECF pp. 11-12.

initial matter, to the extent plaintiff alleges a violation of his civil rights under 42 U.S.C. § 1983, his complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen*, No. 1:10-cv-312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, it appears that the two-year statute of limitations has run with respect to plaintiff's claims, which stem from the car accident which occurred in 1993. (*See* Complaint).[4]

In any event, in order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived him of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint fails to allege any facts showing that defendant Bruce Eric Latter acted under color of state law. In fact, plaintiff has failed to specify what involvement Mr. Latter had in the incidents giving rise to this action, much less that Latter acted under color of state law or deprived plaintiff of any constitutional right. Accordingly, plaintiff's complaint against defendant Latter should be dismissed.

---

[4] Doc. 1, CM/ECF p. 7.

Plaintiff's claims against the Hamilton County Municipal Courts should also be dismissed because defendants are not legal entities capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4 -5 (S.D. Ohio March 26, 2009) (holding the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (holding that Hamilton County Juvenile Court is not a legal entity capable of being sued); *see also Yoel v. Gandolf,* No. 1:06-cv-387, 2007 WL 777983, at *5 (N.D. Ohio March 12, 2007) (holding that Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action). Accordingly, the complaint against Hamilton County Municipal Courts must be dismissed on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

As to plaintiff's claims against defendant Hamilton County, plaintiff has failed to allege that defendant deprived him of any constitutional right. Plaintiff appears to name Hamilton County as a defendant based on its alleged failure to enforce his rights as a crime victim. (*See*

Complaint).[5] However, there exists no constitutional right to have a crime prosecuted. *See Gudenas v. Cervenick*, No. 1:09-cv-2169, 2010 WL 987699, at *9 (N.D. Ohio Feb. 22, 2010) (and cases cited therein); *Tatum v. City of Detroit*, No. 2:07-cv-15395, 2008 WL 68947, at *3 (E.D. Mich. Jan. 7, 2008) (same). Therefore, plaintiff's claims against defendant Hamilton County should also be dismissed.

Finally, plaintiff's request for a writ of habeas corpus or writ of mandamus also fails to state a claim upon which relief can be granted. Under 28 U.S.C. § 2254, in order for a federal court to have jurisdiction to grant a petition for a writ of habeas corpus, the petitioner must be "in custody pursuant to the judgment of a state Court." Because plaintiff does not meet the custody requirement of the habeas statute, the Court does not have jurisdiction to grant him habeas relief. In addition, this Court has "no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties." *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001).

The Court cannot discern any other possible federal claim stemming from plaintiff's allegations. Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim for relief. *Mitchell*, 343 F.3d at 821 n.10.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint should be **DISMISSED**.

---

[5] Doc. 1, CM/ECF p. 13.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: March 12, 2012                  s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHAWN MICHAEL LEE
HARRISON,
    Plaintiff,

vs.

HAMILTON COUNTY, et al.,
    Defendants.

Case No. 1:12-cv-106

Weber, J.
Wehrman, M.J.

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).